[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13160

Non-Argument Calendar

_____

WENDALL JERMAINE HALL,

Plaintiff-Appellant,

*versus*

ADMINISTRATOR,   FLORIDA   CIVIL   COMMITMENT
CENTER,
EMILY SALEMA,
Doctor,

Defendants-Appellees,

FOOD SERVICE DIRECTOR AT FL CIVIL COMMITMENT CENTER, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00007-JLB-NPM

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Wendall Jermaine Hall, a civil detainee, appeals *pro se* the summary judgment in favor of Dr. Emily Salema and Donald Sawyer and against Hall's second amended complaint. Hall alleged that the officials removed him from Ocean Dorm, where he had a private room, to retaliate for his grievances and threats of litigation in violation of the First Amendment and that the officials acted with deliberate indifference to his urinary tract issues by transferring him to Paris Dorm where he had to self-catheterize in unsanitary communal bathrooms in violation of the Fourteenth Amendment. *See* 42 U.S.C. § 1983. The district court ruled that Hall's transfer was not causally connected to his protected speech, that the

officials exercised accepted professional judgment by changing Hall's housing based on his misconduct, and that his temporary transfer to Paris dorm caused him no extreme risk of or actual harm. Because there exists a material dispute of fact about whether Hall's transfer was retaliatory, a retaliatory transfer would not be a valid exercise of acceptable professional judgment, and the district court must revisit whether the officers exhibited deliberate indifference by transferring Hall, we vacate the summary judgment in favor of the officials and remand for further consideration.

We review the entry of a summary judgment *de novo*. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine dispute of any material fact and compels judgment for the movant as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." *Tidmore v. BP Oil Co./Gulf Prods. Div.*, 932 F.2d 1384, 1387 (11th Cir.1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 411 U.S. 242, 257 (1986)).

Hall, a civil detainee, "is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement."

*Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). To prevail on a claim of retaliation for making such complaints, Hall must establish that his speech was constitutionally protected, that he suffered an adverse action that would likely deter a person of ordinary firmness from engaging in such speech, and that there was a causal relationship between the retaliatory action and his protected speech. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005). The causal connection inquiry asks "whether the [officials] were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement." *Smith*, 532 F.3d at 1278.

The district court erred by entering summary judgment in favor of the officials and against Hall's claim of a retaliatory transfer. A material factual dispute exists whether the transfer was causally connected to Hall's constitutionally protected speech. *See id.* Hall averred that Salema and Sawyer told him they "move[d] [him] from [O]cean dorm to Paris dorm because he file[s] allot of grievances and a lawsuit against [the] facility and it's conditions." The officials denied discussing the subject with Hall and submitted evidence that Hall was transferred after refusing to wear a mask and to comply with COVID-19 protocols, making "masturbatory motion[s]" to Center staff, referring to staff in derogatory and lewd terms, and arguing with a peer. Hall's affidavit, though self-serving and uncorroborated, creates a factual issue about whether the officials acted with a retaliatory motive. *See Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019). By ruling that the officials would have

moved Hall regardless based on his misconduct in Ocean dorm, the district court "failed to adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v.* Cotton, 572 U.S. 650, 651 (2014) (internal quotation marks omitted and alterations adopted). Because the evidence, viewed in the light most favorable to Hall, establishes that the officials transferred him only in retaliation for his litigiousness, we must vacate the summary judgment on Hall's claim of retaliation.

The district court also erred in determining that the officials' decision to transfer Hall despite his medical needs constituted an exercise of acceptable professional judgment. Because Hall has been civilly committed, his complaints about his housing and treatment are based on the liberty interests protected by the Due Process Clause of the Fourteenth Amendment. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). In *Youngberg v. Romeo*, 457 U.S. 307 (1982), the Supreme Court held that involuntarily committed mental patients enjoy a liberty interest in "safe conditions" and freedom from undue restraint. *Id.* at 315. The Court balanced the constitutional rights of an institutional patient with the legitimate interests of the state and concluded that, if the State identifies a legitimate reason for its action, "the Constitution only requires that the courts make certain that professional judgment in fact was exercised." *Id.* at 320–21. Under that standard, a "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a

6                    Opinion of the Court                    21-13160

substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323. If, as Hall avers, the decision to transfer him was retaliatory, the officials' decision would not be a valid exercise of professional judgment.

Reading Hall's brief liberally, as we must, he argues, and we agree, that the officials' decision to transfer him to the Paris dorm where he was forced to self-catheterize in unsanitary communal bathrooms warrants evaluation under the deliberate indifference standard applied to inmates' claims. In *Romeo*, the Court declared that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Id.* at 321–22. In other words, because the due process rights of the involuntarily civilly committed are "at least as extensive as the rights of the criminally institutionalized," actions that "would violate a prisoner's Eighth Amendment rights would also violate the due process rights of the involuntarily civilly committed." *Dolihite v. Maughon By & Through Videon*, 74 F.3d 1027, 1041 (11th Cir. 1996). And the Court in *Romeo* stated that, "[i]f it is cruel and unusual punishment to hold convicted criminals in unsafe conditions, it must be unconstitutional to confine the involuntarily committed—who may not be punished at all—in unsafe conditions." 457 U.S. at 315–16. So, "[w]hether one characterizes the treatment received by [Hall] as inhumane conditions of

confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the 'deliberate indifference' standard . . . to [his] case." *Evans v. Dugger*, 908 F.2d 801, 804 (11th Cir. 1990) (quoting *LaFaut v. Smith*, 834 F.2d 389, 392 (4th Cir. 1987)). On remand, the district court must apply the deliberate indifference standard to Hall's complaint that the officials transferred him to Paris dorm without regard for his serious medical needs.

We **VACATE** the summary judgment in favor of Dr. Salema and Sawyer and **REMAND** for further proceedings.